# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN MITCHELL, | Case No. 1:17-cv-01633-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| H. TATE, | (ECF No. 1) |
| Defendant. | **THIRTY-DAY DEADLINE** |

Plaintiff Deshawn Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on December 7, 2017, is currently before the Court for screening. (ECF No. 1.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California Correctional Institution ("CCI") in Tehachapi, California, where the events in the complaint are alleged to have occurred. Plaintiff names Dr. H. Tate, a physician at CCI, as the sole defendant. Plaintiff contends that Dr. Tate violated his Eighth Amendment rights by delaying access to medical treatment. Specifically, Plaintiff alleges as follows:

> On April 23, 2017, Plaintiff started to experience pain on Plaintiff's right side, exactly the same area Plaintiff experienced pain when Plaintiff first developed kidney stones. On May 1, 2017, Plaintiff was still experiencing the pain, and Plaintiff found blood in Plaintiff's urine, Plaintiff immediately submitted a Health Care Service Request Form. On May 2, 2017, Plaintiff was seen by medical personnel who misdiagnosed Plaintiff as having a muscle strain. On May 10, 2017, Plaintiff was still experiencing the pain, and Plaintiff submitted another Health Care Service Request form. On May 12, 2017, Plaintiff was seen by medical personnel who properly diagnosed Plaintiff's medical condition and referred Plaintiff to see Plaintiff's primary care provider Defendant Dr. H. Tate within 72 hours. On May 15, 2017, Plaintiff filed a medical care grievance against Defendant Dr. H. Tate for failure to provide Plaintiff access to treatment. On June 7, 2017, Plaintiff was finally seen by Defendant Dr. H. Tate, who stated to Plaintiff, that Plaintiff was only being seen because of the medical health care grievance Plaintiff filed on May 15, 2017. Defendant Dr. H. Tate finally prescribed Plaintiff pain-relieving medication for pain control due to the pain Plaintiff experiences from kidney stones. [¶] On June 7, 2017, Plaintiff filed a

medical health care grievance against Defendant Dr. H. Tate for Defendant Dr. H. Tate's gratuitous delay in providing Plaintiff pain-relieving medication for pain control due to the pain Plaintiff experiences from kidney stones.

(ECF No. 1 at 3-4.) Plaintiff seeks declaratory relief, along with monetary damages.

### III. Discussion

#### A. Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the

3

victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff's allegations are not sufficient to state a cognizable claim for deliberate indifference to serious medical needs against Defendant Dr. H. Tate. Plaintiff does not allege that Defendant Dr. H. Tate knew of the referral on May 12, 2017, or otherwise knew that Plaintiff was suffering pain from kidney stones, and failed to take action in response. In short, Plaintiff does not allege facts demonstrating that Defendant Dr, H. Tate knew of and disregarded an excessive risk to Plaintiff's health. At best, Plaintiff's complaint suggests that Defendant Dr. H. Tate did not learn of Plaintiff's condition until he filed a medical grievance form. Indeed, Plaintiff does not allege facts indicating that Defendant Dr. H. Tate received the referral or was responsible for ensuring that the referral was scheduled. Plaintiff's complaint lacks sufficient factual detail to establish that Defendant Dr. H. Tate was responsible for any delay in Plaintiff receiving pain medication for his kidney stones. Plaintiff will be given leave to cure these deficiencies to the extent he is able to do so in good faith.

### B. Declaratory Relief

In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

///

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable Eighth Amendment claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 18, 2018**         /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE