# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN MITCHELL, | Case No. 1:17-cv-01633-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| H. TATE, | |
| Defendant. | (ECF No. 9) |
| | FOURTEEN-DAY DEADLINE |

**<u>Findings and Recommendations</u>**

Plaintiff Deshawn Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On May 18, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 8.) Plaintiff's first amended complaint, filed on June 4, 2018, is currently before the Court for screening. (ECF No. 9.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b);

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California Correctional Institution ("CCI") in Tehachapi, California, where the events in the complaint are alleged to have occurred. Plaintiff names Dr. H. Tate, a physician at CCI, as the sole defendant. Plaintiff contends that Dr. Tate violated his Eighth Amendment rights by delaying access to medical treatment. Specifically, Plaintiff alleges as follows:

> On April 23, 2017, Plaintiff started to experience pain on Plaintiff's right side, exactly the same area Plaintiff experienced pain when Plaintiff first developed kidney stones. On May 1, 2017, Plaintiff was still experiencing the pain, and Plaintiff found blood in Plaintiff's urine, Plaintiff immediately submitted a Health Care Service Request Form. On May 2, 2017, Plaintiff was seen by medical personnel who misdiagnosed Plaintiff as having a muscle strain. On May 10, 2017, Plaintiff was still experiencing the pain, and Plaintiff submitted another Health Care Service Request form. On May 12, 2017, Plaintiff was seen by medical personnel who properly diagnosed Plaintiff's medical condition and referred Plaintiff to see Plaintiff's primary care provider Defendant Dr. H. Tate within 72 hours. On May 15, 2017, Plaintiff filed a medical care grievance against Defendant Dr. H. Tate for failure to provide Plaintiff access to treatment. On May 17, 2017, Plaintiff's medical health care grievance was accepted at the first level of review and assigned to Dr. H. Tate, making Defendant Dr. H. Tate aware of Plaintiff's medical needs. On June 7, 2017, Plaintiff was finally seen by

Defendant Dr. H. Tate, Defendant Dr. H. Tate finally prescribed Plaintiff pain-relieving medication for pain control due to the pain Plaintiff experiences from kidney stones. On June 7, 2017, Plaintiff filed a medical health care grievance against Defendant Dr. H. Tate for Defendant Dr. H. Tate's gratuitous delay in providing Plaintiff pain-relieving medication for pain control due to the pain Plaintiff experiences from kidney stones, and Defendant Dr. H. Tate was made aware of Plaintiff's medical needs on May 17, 2017, when Plaintiff's medical grievance was assigned to Defendant Dr. H. Tate.

(ECF No. 9 at 4-6.) Plaintiff seeks declaratory relief, along with monetary damages.

### III. Discussion

#### A. Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle,

3

429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff's amended allegations are not sufficient to state a cognizable claim for deliberate indifference to serious medical needs against Defendant Dr. H. Tate. Plaintiff does not allege that Defendant Dr. H. Tate knew of the referral on May 12, 2017, or otherwise knew at that time Plaintiff was suffering pain from kidney stones, and failed to take action in response. At best, Plaintiff's complaint suggests that Defendant Dr. H. Tate did not learn of Plaintiff's condition until after Plaintiff filed a medical grievance form on May 15, 2017, and no earlier than May 17, 2017.

Further, Plaintiff does not adequately allege that Defendant Dr. H. Tate received the grievance on May 17, 2017, or was deliberately indifferent to any known pain or serious medical need that Plaintiff allegedly was suffering from kidney stones. There is no indication that Defendant Dr. H. Tate had occasion to see or treat Plaintiff prior to June 7, 2017. There also is no indication that Defendant Dr. H. Tate was responsible for the approximate 3-week delay in evaluating or treating Plaintiff after the grievance was reportedly assigned to him. Additionally, as Plaintiff admits, Defendant Dr. H. Tate immediately prescribed pain medication once he was able to evaluate Plaintiff's condition. Plaintiff's amended complaint lacks sufficient factual detail to establish that Defendant Dr. H. Tate was responsible for any delay in Plaintiff receiving pain medication for his kidney stones. Plaintiff also fails to adequately allege that he suffered any harm from the delay or that he could not secure pain medication through other medical sources, such as the unidentified person(s) who diagnosed him with kidney stones on May 12, 2017. To successfully plead a delay of treatment as deliberate indifference, the prisoner must allege that it led to further injury. Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

1985) (per curiam).

**IV. Conclusion and Recommendation**

Plaintiff's complaint fails to state a cognizable Eighth Amendment claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 5, 2018**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE